IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| STEVEN WAYNE MATRANGA, ) | C/A No. 2:15-cv-01661-PMD-MGB |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| ) | |
| CAROLYN W. COLVIN, ) | REPORT AND RECOMMENDATION |
| Acting Commissioner of the ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

Plaintiff Steven Wayne Matranga, through counsel, brought this action to obtain judicial review of an unfavorable final administrative decision denying benefits on his October 20, 2009, applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act ("Act"). (R. 246-56.) *See* Section 205(g) of the SSA, as amended, 42 U.S.C. Section 405(g). This matter was referred to the Magistrate Judge for a Report and Recommendation pursuant to Local Rule 73.02(B)(2)(a), D.S.C., and Title 28, United States Code, Section 636(b)(1)(B).

## Procedural History and ALJ's Findings

The Plaintiff was born September 2, 1963, and was 46 years old on the alleged onset of disability date, September 12, 2009. (R. 246, 253.) On his applications for DIB and SSI, the Plaintiff claimed disability due to degenerative disc disease ("DDD") of the entire spine, bulging annuli of the thoracic and cervical spine, gastrointestinal impairments, somatoform disorder, depression, and anxiety. (R. 394.) The Plaintiff's claims were initially denied and denied on reconsideration. Following a hearing, an Administrative Law Judge (ALJ) denied his claim on

June 9, 2011. The Plaintiff appealed to the Appeals Council, and the Appeals Council remanded the case back to the ALJ. The Plaintiff appeared before a new ALJ on July 19, 2013. On November 13, 2013, the ALJ issued a decision denying benefits. (R. 28.) The Plaintiff again appealed to the Appeals Council but was denied. The Plaintiff has exhausted his administrative remedies. The ALJ's decision is now the Commissioner's final action for purposes of judicial review. In making the determination that the Plaintiff is not entitled to benefits, the Commissioner adopted the following findings of the ALJ's November 13, 2013 Decision:

> (1)    The claimant meets the insured status requirements of the Social Security Act through September 30, 2010.
>
> (2)    The claimant has not engaged in substantial gainful activity since September 12, 2009, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).
>
> (3)    The claimant has the following severe impairments: degenerative disc disease of spine, obesity, depressive disorder, anxiety disorder, and somatoform disorder (20 CFR 404.1520(c) and 416.920(c)).
>
> (4)    The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).
>
> (5)    After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except the claimant can perform only simple tasks, no detailed or complex tasks. The claimant can perform a low stress job, which I am defining as requiring occasional decision making, occasional adaptation to change in work setting, and no high production based tasks such as high volume assembly line work. The claimant can have superficial contact with the public, but should not perform customer service work, counter work, or sales.
>
> (6)    The claimant is capable of performing past relevant work as a production line order puller, DOT Number 922.687-058, SVP2, unskilled work. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).
>
> (7)    The claimant has not been under a disability, as defined in the Social Security Act, from September 12, 2009, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

(R. 11-28.)

## Applicable Law

The Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a "disability." 42 U.S.C. § 423(a). The Act also provides that SSI disability benefits shall be available for aged, blind, or disabled persons who have income and resources below a specific amount. *See* 42 U.S.C. § 1381 *et seq*. "Disability" is defined in the Act as the inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than" twelve months. *See* 42 U.S.C. § 423(d)(1)(A) (definition used in the DIB context); 42 U.S.C. § 1382c(a)(3)(A) (definition used in the SSI context).[1]

To facilitate a uniform and efficient processing of disability claims, the Act has by regulation reduced the statutory definition of "disability" to a series of five sequential questions. An examiner must consider whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment which equals an illness contained in the Administration's official Listing of Impairments found at 20 C.F.R. Part 404, Subpart P, Appendix 1, (4) has an impairment which prevents past relevant work, and (5) has an impairment which prevents him from doing substantial gainful employment. *See* 20 C.F.R. § 404.1520 (DIB context); 20 C.F.R. § 416.920 (SSI context). If an individual is found not disabled at any step, further inquiry is unnecessary. *See* 20 C.F.R. § 404.1520(a)(4) (DIB context); 20 C.F.R. § 416.920(a)(4) (SSI context); *see also Hall v. Harris*, 658 F.2d 260 (4th Cir. 1981).

---

[1] "[T]he definition of disability is the same under both DIB and SSI . . . ." *Mason v. Colvin*, C/A No. 9:12-CV-1157-TLW-BM, 2013 WL 4042188, at *2 n.2 (D.S.C. Aug. 8, 2013) (citing *Emberlin v. Astrue*, C/A No. 06-CV-4136, 2008 WL 565185, at *1 n.3 (D.S.D. Feb. 29, 2008)).

A plaintiff is not disabled within the meaning of the Act if he can return to past relevant work as it is customarily performed in the economy or as the claimant actually performed the work. *See* SSR 82-62, 1982 WL 31386, at *3. The plaintiff bears the burden of establishing his inability to work within the meaning of the Act. 42 U.S.C. § 423(d)(5); 42 U.S.C. § 1382c(a)(3)(H)(i).  He must make a *prima facie* showing of disability by showing that he is unable to return to his past relevant work.  *Grant v. Schweiker*, 699 F.2d 189, 191 (4th Cir. 1983); *see also Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

Once an individual has established an inability to return to his past relevant work, the burden is on the Commissioner to come forward with evidence that the plaintiff can perform alternative work and that such work exists in the national economy. *See Grant*, 699 F.2d at 191. The Commissioner may carry the burden of demonstrating the existence of jobs available in the national economy which the plaintiff can perform despite the existence of impairments which prevent the return to past relevant work by obtaining testimony from a vocational expert ("VE"). *Id.* at 191-92.

The scope of judicial review by the federal courts in disability cases is narrowly tailored to determine whether the findings of the Commissioner "are supported by substantial evidence and whether the correct law was applied." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also Richardson v. Perales*, 402 U.S. 389 (1971); 42 U.S.C. § 405(g); 42 U.S.C. § 1383(c)(3). Consequently, the Act precludes a *de novo* review of the evidence and requires the court to uphold the Commissioner's decision as long as it is supported by substantial evidence. *Pyles v. Bowen*, 849 F.2d 846, 848 (4th Cir. 1988) (citing 42 U.S.C. § 405(g); *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986)). The phrase "substantial evidence" is defined as:

> such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Substantial evidence consists of more than a mere scintilla of evidence but may be less than a preponderance.

*Smith v. Chater*, 99 F.3d 635, 637-38 (4th Cir. 1996) (internal quotation marks and citations omitted).

Thus, it is the duty of this Court to give careful scrutiny to the whole record to assure that there is a sound foundation for the Commissioner's findings, and that her conclusion is rational. *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

## Discussion

The Plaintiff asserts the ALJ erred in the following three ways:

1. The ALJ failed to properly assess examining medical opinion evidence.

2. The ALJ did not explain her findings regarding the Plaintiff's residual functional capacity, as required by Social Security Ruling, 96-8p.

3. The ALJ failed to properly evaluate the credibility of the Plaintiff.

(Dkt. No. 15.)

### A.  Evaluation of Plaintiff's Credibility and Residual Functional Capacity

The ALJ failed to properly evaluate the credibility of the Plaintiff, and as a result, her findings regarding the Plaintiff's residual functional capacity as it relates to the Plaintiff's impairments are flawed. The Plaintiff contends that the ALJ erred by failing to explain how the Plaintiff's activities of daily living are consistent with medium work. (Dkt. No. 15 at 29.) "The determination of whether a person is disabled by pain or other symptoms is a two-step process." *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir.1996).

> First, there must be objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged.... It is only after a claimant has met her threshold obligation of showing by objective medical evidence a medical

> impairment reasonably likely to cause the pain claimed, that the intensity and persistence of the claimant's pain, and the extent to which it affects her ability to work, must be evaluated.

*Craig*, 76 F.3d at 593, 595.

In the case at bar, the point of contention between the parties is limited to step two during which the ALJ must expressly consider "the intensity and persistence of the claimant's [symptoms] and the extent to which it affects [his] ability to work." *Id.*  In its step two analysis, the ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96–7p, 1996 WL 374186, at *4. "[A]llegations concerning the intensity and persistence of pain or other symptoms may not be disregarded solely because they are not substantiated by objective medical evidence." *Id.* at *6. "This is not to say, however, that objective medical evidence and other objective evidence are not crucial to evaluating the intensity and persistence of a claimant's pain and the extent to which it impairs [his] ability to work." *Craig*, 76 F.3d at 595.  A claimant's subjective complaints "need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the [symptoms] the claimant alleges she suffers." *Id.*  "Objective medical evidence…is a useful indicator to assist [the ALJ] in making reasonable conclusions about the intensity and persistence of [a claimant's] symptoms and the effect those symptoms, such as pain, may have on [a claimant's] ability to work."  20 C.F.R. § 404.1529.

The ALJ found that the Plaintiff could perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) with no physical limitations. (R. 16-17.)  Medium work is defined as

"lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work."  20 C.F.R. § 404.1567(c), § 416.967(c). Among other requirements, light work requires "a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b), § 416.967(b).  With respect to sedentary work, "a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 404.1567(a), § 416.967(a).

The ALJ found the Plaintiff's testimony regarding the intensity, persistence, and limiting effects of his symptoms to be not entirely credible. (R. 23.) The ALJ's Decision does not accurately discuss the Plaintiff's testimony.  As noted by the Plaintiff, the ALJ stated that "the claimant has also described activities of daily living that indicate the claimant can perform some medium work." (R. 23.)  The "activities of daily living" cited by the ALJ included that the Plaintiff "testified he can drive a vehicle, go to the grocery store, dress himself, wash clothes,…do laundry[,] wash his girlfriend's 30-pound dog and attend church." (R. 24.)  While the Plaintiff did testify he could do all of those activities, his testimony indicated that he sat in an electric, wheel-chair cart at the grocery store (R. 91), sat in a chair while doing dishes and laundry (R. 93), and sat while dressing (R. 98).  Additionally the Plaintiff testified he took short showers because it hurt to stand, and he could not do yardwork.  The ALJ did not address the Plaintiff's consistent testimony that his "activities of daily living" were all performed sitting down.[2]  The only exception to his testimony of sitting is washing the dog.  The Plaintiff was not asked if he sat or stood when washing the dog.

The ALJ consistently cited to the Plaintiff's ability to perform everyday activities as evidence for her RFC assessment. (R. 23-27.)  The ALJ specifically cited to the Plaintiff's

---

[2] The court notes that the Plaintiff would be seated while driving and while attending church.

everyday activities when assessing the Plaintiff's RFC regarding his obesity (R. 24); his degenerative disc disease[3] (R. 25); and his depressive disorder, anxiety disorder, and somatoform disorder. (R. 25.) Each of these assessments presented the Plaintiff as being able to perform his daily activities *without* the significant caveat that the Plaintiff performed these activities sitting down.

The ALJ failed to ever address the Plaintiff's testimony that he sat down while performing his daily activities. The Plaintiff testified that his pain was at its worst when "standing, lifting, reaching, [and] bending," but that he had some pain even sitting or lying down. (R. 50.) The ALJ found that Plaintiff's testimony inconsistent because the Plaintiff testified he could go fishing for several hours and goes to church, but had difficulty standing or sitting for more than a few minutes at a time. (R. 24.) The Plaintiff did testify that he has pain while sitting. (R. 50.) However, the Plaintiff clearly stated that the pain was at its worst when "standing, lifting, reaching, [and] bending." (*Id.*) The Plaintiff never testified his pain was debilitating while sitting. To the contrary, the Plaintiff testified he could do many daily activated **while sitting**. The ALJ's conclusion that the Plaintiff's testimony of his daily activities supported his ability to do medium work is insufficient and not supported by substantial evidence. The Plaintiff's testimony simply does not support a finding of medium work.

### B. Remaining Claims of Error

Because the undersigned finds the ALJ's analysis of Plaintiff's credibility to be a sufficient basis to remand the case to the Commissioner, the undersigned declines to specifically

---

[3] Additionally, the ALJ found that the Plaintiff's DDD was treatable with pain medication. (R. 25.) The ALJ stated that the Plaintiff "testified that the pain in his back was reduced to a level of seven on a pain scale with the use of Neurontin." (*Id.*) The court notes that 7 out of 10 appears to still be a significant amount of pain. The ALJ further found that the Plaintiff "believed the pain in his back would be even further reduced to a level of three on a pain scale of one to ten with an increase in dosage of this pain medication, which is not a narcotic." (*Id.*) The ALJ failed to discuss that the Plaintiff testified that his gastroenterologist does not want him "taking any pain pills at all." (R. 61.)

address Plaintiff's additional allegations of error by the ALJ. However, upon remand, the Commissioner should take into consideration Plaintiff's remaining allegations of error, including, *inter alia*, that the ALJ failed to properly assess examining medical opinion evidence.[4] (*See* Dkt. No. 15.)

### Recommendation

Wherefore, based upon the foregoing, the undersigned recommends that the Commissioner's decision be **reversed** under sentence four of 42 U.S.C. § 405(g) and **remanded** for further administrative proceedings.

IT IS SO RECOMMENDED.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

August 1, 2016
Charleston, South Carolina

---

[4] While the undersigned has not determined the following to be a stand-alone basis for remand, the ALJ should specifically consider Plaintiff's barium swallow test from August 4, 2010 upon remand. (*See* Dkt. No. 15 at 27 of 34.) The Plaintiff contends the ALJ erred by failing to consider this test, which revealed moderately severe presbyesophagus with significant loss of muscle contracts. (Dkt. No. 15 at 27 (*citing* R. 748-51).) The test found that the Plaintiff had "[m]oderately severe presbyesophagus with loss of the primary esophageal peristaltic wave and ineffective secondary peristalsis[,] [d]ecreased force of contraction[, and] [o]therwise unremarkable swallowing mechanism." (R. 748.) The test noted that the Plaintiff was able to initiate a swallow without hesitation, was able to swallow a 13mm round pill with no significant hang up, and no gastroesophageal reflux was seen during the exam. (*Id.*) Although "the ALJ is not required to discuss every piece of record evidence, [she] must articulate [her] findings in a manner that permits the court to determine whether substantial evidence supports [the] decision." *Turner v. Astrue*, No. 1:11-cv-957-MBS-SVH, 2012 WL 3626693, at *15 (D.S.C. July 25, 2012), *report and recommendation adopted,* No. 1:11-cv-0957-MBS, 2012 WL 3612591 (D.S.C. Aug. 21, 2012). Accordingly, upon remand, the ALJ should discuss the Plaintiff's barium swallow test from August 4, 2010.